|  |  |
|---|---|
| **PREMIER HEALTHCARE ALLIANCE, L.P. (f/k/a PREMIER PURCHASING PARTNERS, L.P.)**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**FFF ENTERPRISES, INC.**<br><br>**Defendant.** | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Premier Healthcare Alliance, L.P. (f/k/a) Premier Purchasing Partners, L.P. ("Premier" or "Plaintiff") brings this Complaint for breach of contract against Defendant FFF Enterprises, Inc. ("FFF" or "Defendant"), and alleges as follows:

## PARTIES

1.      Premier is a limited partnership organized and existing under the laws of the State of California having a principal place of business at 13034 Ballantyne Corporate Place, Charlotte, NC 28277.

2.      Premier's sole general partner is Premier Healthcare Solutions, Inc., a Delaware corporation having a principal place of business at 13034 Ballantyne Corporate Place, Charlotte, NC 28277. Premier's sole limited partner is Premier Services II, LLC, a company wholly-owned by Premier Healthcare Solutions, Inc.

3.   On information and belief, Defendant is a corporation organized under the laws of the State of California having a principal place of business at 44000 Winchester Rd., Temecula, CA 92590.

## JURISDICTION AND VENUE

4.   As part of an Agreement between the parties (as defined below), the parties agreed that personal jurisdiction and venue were proper in this Court.

5.   The Court has jurisdiction of this action pursuant to 28 § U.S.C. 1332(a)(1) because there is complete diversity of citizenship between Premier and Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.   Defendant has submitted to the exclusive jurisdiction of this Court and has waived any objections to personal jurisdiction and venue here.

## FACTUAL BACKGROUND

7.   Premier is an affiliate of Premier, Inc., which, together with its subsidiaries and affiliates, is a leading healthcare performance improvement company that unites hospitals, health systems, physicians and other healthcare providers to improve and innovate in the clinical, financial and operational areas of their businesses to meet the demands of a rapidly evolving healthcare industry.

8.   Premier, Inc. conducts business operations, including group purchasing, through Premier. Premier has approximately 3,000 negotiated contracts with leading manufacturers to ensure that its members get the products and services they need, across all care settings.

9.   On information and belief, Defendant is a distributor of critical care products, vaccines, and specialty pharmaceuticals.

2

*The Agreement Between Premier and FFF*

10.     On January 1, 2012, Premier and Defendant entered into a Group Purchasing Agreement (the "Agreement") under which Defendant would distribute plasma-derived products for Premier members.

11.     Among other things, the Agreement provided that Defendant would pay Premier a Purchasing Partners Administrative Fee ("Administrative Fee") on all Products purchased by Participating Members during the term of the Agreement, including purchases made pursuant to any Member Agreement, as those capitalized terms are defined in the Agreement.

12.     The parties agreed to increase the Administrative Fee in an amendment effective January 1, 2020.

13.     Premier members are Participating Members under the terms of the Agreement.

14.     Plasma-derived products are Products under the terms of the Agreement.

15.     Any local arrangement, local negotiation and/or direct agreement in effect between a Participating Member and Distributor pertaining to the sale of Products that is entered into at any time prior to or during the term of the Agreement is a Member Agreement under the Agreement.

16.     Defendant is the Distributor under the terms of the Agreement.

17.     The Agreement required the Administrative Fee to be paid quarterly in U.S. dollars, without demand or notice, within thirty (30) days of the end of each calendar quarter during the term.

18.     Failure to timely pay the Administrative Fee is a material breach of the Agreement.

19.     The Agreement also provided that Defendant shall pay interest on any past due Administrative Fees.

3

20.     Further, the Agreement provided that the prevailing party shall be entitled to receive its reasonable attorneys' fees and costs in addition to any other relief granted in any action to enforce the Agreement.

21.     The original term of the Agreement ran from January 1, 2012 to June 30, 2014.

22.     The parties agreed to multiple extensions of the Agreement, the most recent of which made the Agreement effective through June 30, 2028.

*Defendant's Breach of the Agreement*

23.     In or around November 2019, NuFACTOR, Inc. ("Nufactor") began purchasing from Defendant the plasma-derived products Xembify and Gamunex manufactured by Grifols (the "Grifols Products").

24.     Nufactor is a Participating Member under the terms of the Agreement.

25.     Nufactor's purchase of the Grifols Products triggered Defendant's obligation to pay the Administrative Fee to Premier.

26.     Up until the Q2 2023, Defendant paid the Administrative Fee based on Nufactor's purchases of the Grifols Products.

27.     On August 1, 2023, Michelle Green, Defendant's Accounting Coordinator, claimed that Defendant had paid Administrative Fees on Nufactor's purchases of the Grifols Products during the period from November 1, 2019 to March 31, 2023, when Defendant allegedly was not obligated to do so. As such, Defendant asserted that it had deducted a seven-figure amount of money from the Q2 2023 payment to Premier as an alleged "overpayment".

28.     Defendant's failure to pay the entire amount of the Administrative Fee and, instead, using such amount as a unilateral set-off from other payments to Premier, constitutes a material breach of the Agreement.

4

29. On August 17, 2023, Premier sent a letter to Defendant notifying it that the deduction from the Q2 2023 payment violated the Agreement.

30. Defendant responded in a letter dated September 29, 2023, by insisting that the language of the Agreement "len[t] itself to multiple interpretations and the parties' agreed upon expectations", even though Defendant had paid the Administrative Fees for several quarters without issue.

31. Premier sent another letter to Defendant on October 16, 2023, proposing mediation to resolve the dispute.

32. On October 19, 2023, Defendant advised Premier that mediation would be a waste of time, as Defendant would not willingly pay any part of the disputed fees.

33. Premier, through the undersigned counsel, sent Defendant a letter dated November 13, 2023, regarding Defendant's breach of the Agreement. Premier provided notice to Defendant of its breach of the Agreement and requested that it be cured within 30 days of the letter.

34. Defendant did not cure, and as of the date of this filing has not cured, its breach of the Agreement.

35. Defendant has failed to pay the full amount of Administrative Fees due to Premier under the Agreement.

**COUNT I**
**BREACH OF CONTRACT**

36. The allegations in the preceding paragraphs are incorporated herein by reference.

37. The Agreement is a valid and enforceable contract.

38. Defendant breached its contractual obligations under the Agreement by failing to pay Administrative Fees to Premier for Nufactor's purchase of the Grifols Products, by failing to

5

pay the full Administrative Fees for Q2 2023, and for using the owed amount as a unilateral set-off from other payments to Premier.

39.     Specifically, Defendant breached Sections 10.1 and 10.2 of the Agreement.

40.     Premier has been harmed by Defendant's conduct, as alleged herein, and is entitled to relief, as requested herein.

41.     Premier is entitled to recover from Defendant such compensatory and/ or punitive damages as will be proven at trial.

42.     Premier is entitled to recover from Defendant its reasonable attorneys' fees and costs, as provided for in the Agreement.

43.     Premier is entitled to recover from Defendant interest on the unpaid Administrative Fees, as provided for in the Agreement.

## **PRAYER FOR RELIEF**

In view of the foregoing, Premier asks that this Court grant the following relief:

A.  Find that Defendant breached the Agreement;

B.  Award all damages and available relief to Premier for Defendant's unlawful acts;

C.  Award Premier its costs and attorney's fees;

D.  Award Premier prejudgment and post-judgment interest on all amounts awarded; and

E.  Award Premier such other and further relief as the Court deems just and proper.


Premier hereby demands a trial by jury of all issues in this action so triable.

6

Respectfully submitted,

Dated: January 25, 2024

s/ J. Mark Wilson
J. Mark Wilson
N.C. State Bar No. 25763
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone (704) 331-1000
Facsimile (704) 339-5981
Email: markwilson@mvalaw.com

7